Forest W. Rice and Margaret Rice v. Commissioner.
Rice v. Commissioner
Docket No. 47161.
United States Tax Court
T.C. Memo 1954-15; 1954 Tax Ct. Memo LEXIS 231; 13 T.C.M. (CCH) 394; T.C.M. (RIA) 54121; April 23, 1954, Filed *231 William S. Hyatt, Esq., for the petitioners. Frank C. Conley, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The respondent determined a deficiency in petitioners' income tax for 1950 in the amount of $66.26. The only issue is the correctness of the respondent's action in determining that a $417.22 reimbursement received by petitioner Forest W. Rice for moving his family from Kansas City, Kansas, to Los Alamos, New Mexico, was includible in their income. Findings of Fact All of the facts have been stipulated and are found accordingly. The petitioners were residents of Burlington, Kansas. They filed a joint income tax return for 1950 with the collector of internal revenue for the district of Kansas. On October 4, 1950, the petitioners and their child moved to Los Alamos, New Mexico, with their household effects, at a cost of $417.22. The move was made so that Forest W. Rice could accept employment with the University of California, Los Alamos Scientific Laboratory. They arrived at Los Alamos on October 6, 1950, and Forest W. Rice was placed on the payroll of the University of California, Los Alamos Scientific Laboratory, *232 on that date. The University of California reimbursed Forest W. Rice for the moving expenses and deducted $75.10 as withholding tax from the total expense of $417.22. The petitioners excluded the $417.22 received from the University of California in their 1950 income tax return. Respondent included the reimbursed amount as taxable income. Opinion The petitioners have not submitted a brief or presented any oral argument in support of their position. We, therefore, do not know the basis upon which they contend the amount received is not taxable income to them. On the facts here stipulated, the issue is controlled by our decision in Baxter D. McClain, 2 B.T.A. 726. Decision will be entered for the respondent.